CLERKS COPY
FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 3 1999

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID STEELMAN, III,

    Plaintiff,

v.    No. CIV-98-1392 JP/RLP

HONORABLE GOVERNOR GARY JOHNSON,
GOVERNOR OF THE STATE OF NEW MEXICO,
HONORABLE TOM CARPER,
GOVERNOR OF THE STATE OF DELAWARE,
THE STATE OF NEW MEXICO,
THE STATE OF DELAWARE,
DETECTIVE TIMOTHY STUMP,
CITY OF DOVER, DELAWARE, POLICE DEPARTMENT,
CITY OF DOVER, DELAWARE,
TWO UNKNOWN (JOHN DOE) CITY OF
DOVER, DELAWARE, POLICE OFFICERS,
CHRISTIAN MARX, TORRANCE
COUNTY, NEW MEXICO DEPUTY SHERIFF, and
THE COUNTY OF TORRANCE,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* to consider Plaintiff's failure to respond to the Court's order entered January 6, 1999, which required that Plaintiff submit an initial payment toward the required filing fee. Because Plaintiff has not complied with the Court's order or shown cause for excusing payment, I find in Plaintiff's behavior a manifest lack of interest in litigating his claims.

The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretionary



authority of the Court is to dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). The Court may not, of course, dismiss a complaint "on the grounds of poverty," *Bell v. Whethel*, 127 F.3d 1109 (Table, text in Westlaw), 1997 WL 639319 (10th Cir. Oct. 14, 1997), but the sanction may be imposed for failure to comply with statutory requirements. "Under the PLRA, failure to comply with any of these requirements may result in dismissal of a prisoner's action." *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997)); *McGore v. Wrigglesworth*, 114 F.3d 601, 605-06 (6th Cir. 1997); *and cf. White v. Colorado*, 157 F.3d 1226 (Table, text in Westlaw), 1998 WL 702327, at *10 (10th Cir. Oct. 9, 1998) (upholding constitutionality of "three strikes" provisions in § 1915(g)), *petition for cert. filed* (U.S. Jan 05, 1999) (No. 98-7542). Based on Plaintiff's failure to comply with an order of the Court, submit the statutorily required payment, or show cause why payment should be excused, the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's original and amended complaints are DISMISSED without prejudice, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE